IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

**David Roman**　　　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

vs.　　　　　　　　　　　　　　No. 2:21-cv-____

**Amazon.com Services, LLC**　　　　　　　　　　　　　　　**DEFENDANT**

### ORIGINAL COMPLAINT

COMES NOW Plaintiff David Roman ("Plaintiff") by and through his attorneys Marshall Hunt of Davis Miles McGuire Gardner, PLLC, and Courtney Lowery and Josh Sanford of Sanford Law Firm, PLLC, *pro hac vice* to be filed, and for his Original Complaint ("Complaint") against Defendant Amazon.com Services, LLC ("Defendant"), he states and alleges as follows:

**I.　　PRELIMINARY STATEMENTS**

1.　This is an action brought by Plaintiff against Defendant for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), and overtime provisions of Arizona Revised Statute § 23-391.

2.　Plaintiff seeks a declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and a reasonable attorney's fee and costs as a result of Defendant's failure to pay proper overtime compensation under the FLSA and Arizona state law.

## II. JURISDICTION AND VENUE

3. The United States District Court for the District of Arizona has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges Arizona state law violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. The acts complained of herein were committed and had their principal effect against Plaintiff within the Phoenix Division of the District of Arizona; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff is an individual and resident of Maricopa County.

7. Defendant is a foreign limited liability company.

8. Defendant's registered agent for service of process is Corporation Service Company, at 8825 North 23rd Avenue, Suite 100, Phoenix, Arizona 85021.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

10. Defendant owns and operates a package distribution center in Tempe.

11. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that

have been moved in or produced for interstate commerce, such as vehicles, fuel, tools and equipment.

12. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

13. Defendant employed Plaintiff as an Associate from June of 2018 until December of 2018, and as a Shift Manager from December of 2018 until January of 2020.

14. Defendant paid Plaintiff an hourly wage and classified him as nonexempt from the overtime provisions of the FLSA.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

16. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

17. As a Shift Manager, also known as a Lead, Plaintiff was primarily responsible for overseeing his team of associates, handling programming incidents, communicating with other locations, and evaluating associates' performances.

18. Plaintiff regularly worked more than 40 hours per week during the relevant time period.

19. Plaintiff regularly worked hours for which he was not paid.

20. Defendant instructed Plaintiff to clock in for a maximum of 12 hours per day.

21. Defendant assigned so much work to Plaintiff that he was not able to complete all the required tasks within the allotted time.

22. Plaintiff regularly performed work before clocking in and after clocking out.

23. Plaintiff estimates he worked approximately 10 hrs/wk off the clock.

24. In December of 2019, Defendant disciplined Plaintiff for working over 12 hours per day and for working off the clock multiple times during the preceding months.

25. Although Defendant acknowledge Plaintiff's off-the-clock work, Defendant did not pay Plaintiff for his uncompensated time.

26. Defendant did not pay Plaintiff 1.5x his regular rate for all hours over 40 each week.

27. At all relevant times herein, Defendant has deprived Plaintiff of regular wages and overtime compensation for all of the hours worked.

28. Much of the work Plaintiff completed was time stamped (e.g., emails).

29. Defendant knew or should have known that Plaintiff was working hours over forty each week.

30. Defendant knew or should have known that Plaintiff was working hours which went unrecorded and uncompensated.

31. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V.     FIRST CLAIM FOR RELIEF—VIOLATION OF THE FLSA

32. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

33. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

34. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

35. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

36. Defendant classified Plaintiff as an hourly employee, non-exempt from the overtime requirements of the FLSA.

37. Defendant failed to pay Plaintiff for all hours worked.

38. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

39. Defendant knew or should have known that its actions violated the FLSA.

40. Defendant's conduct and practices, as described above, were willful.

41. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

42. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the

amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

43. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI.   SECOND CLAIM FOR RELIEF—VIOLATION OF A.R.S. § 23-391

44. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

45. Plaintiff asserts this claim for damages and declaratory relief pursuant to A.R.S. § 23-391.

46. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of A.R.S. § 23-391.

47. A.R.S. § 23-391 requires employers to pay all employees 1.5x regular wages for all hours worked over 40 hours per week if overtime compensation is mandated by federal law.

48. Defendant failed to pay Plaintiff for all hours worked.

49. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

50. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

51. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's

fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

52. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff David Roman respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA, A.R.S. § 23-291, and their related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, A.R.S. § 23-391 and their related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, A.R.S. § 23-291 and their related regulations;

D. An order directing Defendant to pay Plaintiff pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF DAVID ROMAN**

DAVIS MILES McGUIRE GARDNER, PLLC
40 East Rio Salado Pkwy, Suite 425
Tempe, Arizona 85281
Telephone: (480) 344-4987
Facsimile: (480) 733-3748

*/s/ Marshall Hunt*
Marshall Hunt
Ariz. Bar No.031060
efile.dockets@davismiles.com

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

*/s/ Courtney Lowery*
Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com
*Pro Hac Vice* Motion to be filed

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
*Pro Hac Vice* Motion to be filed